IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. SAG 23-0022** |
| | * | |
| **JUSTIN ERNEST RIGGS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| *******  | | |

### SEVENTH MOTION TO EXCLUDE TIME
### PURSUANT TO THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and Christine Goo and Sean Delaney, Assistant United States Attorneys for said district, respectfully submit this Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

### BACKGROUND

1. On January 9, 2023, the Defendant appeared in the United States District Court for the District of Maryland on a criminal complaint charging him with conspiracy to distribute and possess with the intent to distribute controlled dangerous substances, in violation of 21 U.S.C. §846, use of interstate facilities to aid and abet the distribution of controlled dangerous substances, in violation of 21 U.S.C. §§ 843(b) and 841(a), and the Travel Act- Maryland State bribery, in violation of 18 U.S.C. §§ 1952(a)(3) and 1952(b)(1). On January 13, 2023, a detention hearing was held and the Defendant was ordered detained pending trial. On January 19, 2023, a federal grand jury sitting in the United States District Court for the District of Maryland indicted the Defendant as follows: Count 1: Conspiracy to Distribute and Possess with Intent to Distribute

Controlled Substances, in violation of 21 U.S.C. § 846, Counts 2-9: Use of Communication Facility in Causing or Facilitating the Conspiracy to Distribute Controlled Dangerous Substances, and Count 10: Travel Act—using and causing a facility in interstate commerce to with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: bribery in violation of Maryland State law, in violation of 18 U.S.C. §§ 1952(a)(3) and (b)(2).  The Government provided defense counsel with most of the discovery in this matter.

2. On February 15, 2023, the Government filed a Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between January 9, 2023 and March 31, 2023. ECF No. 21. The Court granted the Government's Motion on February 16, 2023.  ECF No. 22.

3. On April 27, 2023, the Government filed a Second Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between March 31, 2023, and May 31, 2023. ECF No. 24. The Court granted the Government's on April 27, 2023.  ECF No. 25.

4. On July 25, 2023, the Government filed a Third Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between May 31, 2023, and August 31, 2023. ECF No. 26. The Court granted the Motion on July 26, 2023.  ECF No. 27.

5. On September 13, 2023, an Attorney Inquiry Hearing was held. Following the hearing, Craig Kadish was terminated as counsel for Mr. Riggs. On the same day, Assistant Federal Public Defender Andrew Szekely entered as counsel for Mr. Riggs.  On September 18, 2023, Andrew Szekely and Eric Pilch, Assistant Federal Public Defender, both filed a Notice of Attorney Appearance for Mr. Riggs. ECF Nos. 31 and 32.

6. On October 11, 2023, the Government filed its Fourth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between August 31, 2023 and November 30, 2023. ECF No. 33. The Court granted the Motion on October 12, 2023. ECF No. 34.

7. On January 18, 2024, the Government filed its Fifth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between November 30, 2023 and February 28, 2024. ECF No. 33. The Court granted the Motion on January 18, 2024. ECF No. 36.

8. On April 9, 2024, the Government filed its Sixth Motion to Exclude Time Pursuant to the Speedy Trial Act, requesting an exclusion of time between February 28, 2024 and May 22, 2024. ECF No. 37. The Court granted the Motion on April 9, 2024. ECF No. 38.

9. The parties are actively engaged in plea in this matter and need additional time to hopefully resolve this case short of trial.

**LEGAL STANDARD**

10. The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, 18 U.S.C. § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A).

11. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A), "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" 18 U.S.C. § 3161(h)(7)(A). *Id.* at 507. Similarly, the Speedy Trial Act requires that, in granting an ends-of-justice continuance, "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

**ARGUMENT**

12. The parties are continuing their discussion of possible resolution of this matter short of trial. Section 3161 has been interpreted to include a number of different proceedings and events concerning a defendant, including "delays resulting from plea negotiations." *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (approving exclusion of time spent on plea negotiations); *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) (same).]

Wherefore, the Government respectfully requests that the court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Sections 18 U.S.C. § 3161 (h)(1)(D) and (h)(7)(A), for the period from May 22, 2024, until August 9, 2024, or subject to further Order of this court, and that the Court further Order that the interests of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial. A proposed Order is submitted herewith.

Counsel for the defendant, Andrew Szekely and Eric Pilch, does not object to this request.

## **CONCLUSION**

Based on the foregoing, the Court should enter a case-specific order finding the time between May 22, 2024, and August 9, 2024, excludable time under 18 U.S.C. § 3161(h)(7) and § 3161(h)(3)(A). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. A proposed Order is submitted herewith.

          Respectfully submitted,

          Erek L. Barron
          United States Attorney

By: _____/s/_____
          Christine Goo
          Assistant United States Attorney