**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TOLL FREE: (888) 387-3384
MAIN LINE: (301) 344-0600
OPERATOR LINE: (301) 344-2338
FAX: (301) 344-0019

**JAMES WYDA**                                                    **ANDREW SZEKELY & ERIC PILCH**
FEDERAL PUBLIC DEFENDER                              ASSISTANT FEDERAL PUBLIC DEFENDER

January 14, 2025

Honorable J. Mark Coulson
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

> Re:  *United States v. Justin Riggs*
> Crim. No. SAG-23-022

Dear Judge Coulson:

We write briefly in reply to the government's opposition to Mr. Riggs' motion for release. ECF Nos. 54-55. While the government spends considerable time recounting the underlying allegations, it mischaracterizes the defense's argument about law enforcement contacts. The defense did not claim this was the "principal justification" for detention, Gov't Opposition, ECF No. 55 at 2, but rather noted that the natural attrition of professional relationships over two years of detention has substantially reduced, or even eliminated, a specific concern cited at the original hearing. Defense Mem. in Support of Motion for Release, ECF No. 51 at 4-6 (explaining that "two years in pretrial detention has undermined **one of the arguments** advanced by the government and accepted by then-Magistrate Judge Hurson") (emphasis added). Additionally, the government's attempt to distinguish this case from the Gun Trace Task Force ("GTTF") prosecutions as somehow more serious is both unsupported by the record and contradicted by Judge Hurson's actual remarks, which referenced GTTF as an example of law enforcement misconduct.

The proposed release package offers a new third party custodian and multiple layers of restriction and oversight that were not previously available – most notably, supervision by a federal employee with an active security clearance who can ensure compliance with strict conditions of release. Rather than engage with these concrete changes that warrant reconsideration, the government relies on speculation about future harm while ignoring Mr. Riggs' demonstrably compliant conduct during 24 months of detention.

The government's central concern about potential obstruction can be directly addressed through an additional condition: a complete prohibition on phone use (except for contact with counsel, pretrial services, and Mr. Riggs' wife and children) and social media access. Similar

restrictions have been successfully implemented in other cases in this district – including *United States v. Arrington,* RDB-19-264, ECF No. 15, *United States v. Kefyalew*, DLB-22-382, ECF No. 24 – to address comparable concerns that a released defendant might use a phone to either obstruct justice or commit new offenses through the use of a phone or the internet. The defense would agree to such a restriction in this case.

       Under the Bail Reform Act's presumption that liberty should be the norm and detention the "carefully limited exception," the changed circumstances identified by the defense merit release under the proposed, onerous conditions. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Sincerely,

//s//
Andrew Szekely
Eric Pilch
Assistant Federal Public Defenders

cc:    AUSA Christine Goo
       AUSA Sean Delaney