IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.                                              Case No.   1:23-cr-00022-SAG

Justin Ernest Riggs

******

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING TRIAL

Before the Court is Defendant's Motion for Release Pending Trial wherein he argues primarily that there is now information that exists that was not known at the time of his original detention hearing that would have a materials bearing on the availability of suitable release conditions that will reasonably assure the safety of others in the community, pursuant to 18 USC 3142(f)(2).[1] (ECF No. 51). The Court has also considered the Government's opposition and Defendant's reply brief. (ECF Nos. 55 and 56). The Court finds that no hearing is necessary and will deny the motion for the reasons set forth below.

According to the indictment, Defendant, then a sworn officer in the Maryland State Troopers, is charged with various counts stemming from his undermining of a drug investigation of which he was a part, including providing information to a target of the investigation regarding

---

[1] Defendant alternatively argues that release is appropriate under 18 U.S.C. 3142(i) "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." However, Defendant offers no support as to why his detention undermines the preparation of his defense beyond that of any detained individual, nor does he offer "another compelling reason" as that phrase has been interpreted by most courts. *See, e.g., United States v. Rebollo-Andino* , 312 Fed. App'x 346, 348 (1st Cir. 2009) (noting the defendant could seek temporary release under § 3142(i) for medical reasons). Courts have typically granted relief under § 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton* , No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020).

the specifics of investigative tools being utilized by law enforcement, and the identity of a government informant in return for $1800. (ECF No. 17). Defendant's detention hearing was held on January 13, 2023, before then-Magistrate Judge Brendan Hurson, who ordered Defendant detained. (ECF No. 14).

In his decision-making, as expressed at the hearing, Judge Hurson first noted the presence of many of the factors under the Bail Reform Act that would normally support release, including Defendant's lack of criminal history, lack of substance abuse history, stable employment, and exemplary family support, noting that Defendant presented "the best possible third-party custodian and family support you could have." (ECF No. 55 at 11). Instead, Judge Hurson's concern was Defendant's willingness to violate his oath as a law enforcement officer, completely undermine the investigation of which he was a part (and potentially the safety of his fellow officers) and provide information about an informant that he knew "was very likely to end in someone's death." *Id*. at 12. The motivation for this betrayal was not blackmail, or substance abuse, or mental health challenges, or coercion, but apparently financial pressure over $1800.

Defendant offers the following arguments in support of his release. First, he offers a new proposed third-party custodian. The Court has no doubt that the proposed custodian would be reliable in that role. However, as pointed out above, no part of Judge Hurson's decision was based on the lack of appropriate third-party custodian. Second, Defendant argues that the strictest conditions of release, including home confinement, would ensure compliance. Again, all of those conditions were potentially available to Judge Hurson but did not provide Judge Hurson with reasonable assurance of compliance. Finally, Defendant argues that the passage of time has diluted his ability to obstruct the Government's investigation because it has been almost

two years since Defendant served as a state trooper such that his contacts in law enforcement are gone and could not be leveraged to undermine the case against him. (ECF No. 51 at 1-2). Accepting Defendant's premise that time and his criminal charges have severed any possible ties and loyalties with former colleagues in law enforcement, Defendant nonetheless retains his expertise in understanding how cases are put together and, therefore, potentially undermined. No trial date has been set in his case. Even if investigation is over, the information gleaned through discovery and that remains to be learned as trial approaches, if anything, creates more risk that Defendant could attempt to obstruct the Government's efforts. The Court also observes that the damage Defendant did and the corresponding risk he created did not rely on cooperation of his fellow agents.

More fundamentally, as observed by Judge Hurson, Defendant destroyed a series of trust relationships when under financial pressure, to include providing information he knew was all but certain to cause, at the very least, grievous bodily injury and likely death. The stakes are now substantially higher. Ultimately, pretrial supervision relies on a foundation of trust given the reality that at any given time, there are hundreds of individuals on release being supervised by a substantially smaller number of Pretrial Services officers. Given the lengths that Defendant was willing to go notwithstanding his prior oath and his responsibilities to his fellow officers and the public, the Court is no more assured than Judge Hurson was that his release would not pose an unreasonable risk to others even under the strictest conditions.

_1/15/2025_
Date

J. Mark Coulson
United States Magistrate Judge